UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
7-17-08
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.  CASE NO.3:08-cr-245-J-25HTS

NANCY L. WALTERS

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, Nancy L. Walters, and the attorney for the defendant, James H. Burke, Jr., mutually agree as follows:

A.  **Particularized Terms**

   1.  **Count Pleading To**

   The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with theft of United States Government property, in violation of 18 U.S.C. § 641, of an amount less than $1,000.

   2.  **Maximum Penalties**

   Count One carries a maximum sentence of up to 1 year of imprisonment, a fine of up to $100,000, or both, a term of supervised release of up to 1 year, and a special assessment of $25, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the

Defendant's Initials _NLW_                                    AF Approval _BB_

Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

<u>First</u>: That the money or property described in the information belonged to the United States;

Second: That the Defendant stole such money or property to her own use or to the use of another; and

Third: That the Defendant did so knowingly and willfully with the intent to deprive the owner of the use or benefit of the money or property so taken.

4. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement related to the conduct giving rise to this plea agreement.

5. Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make restitution to Defense Commissary Agency in the amount of $5,000.00..

Defendant's Initials _____          2

6. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7. Adjusted Offense Level - Estimate Only

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States, based on the information now available to it, estimates that the defendant's adjusted offense level is 4 [RDO] ~~KEYBOARD([Enter Adjusted Offense Level])~~ [new jnb], as determined below:

| Guideline | Description | Levels |
|---|---|---|
| § 2B1.1 | Base Offense | 6 |
| § 3E1.1(a) | Acceptance of Responsibility | -2 |
| | Total Adjusted Offense Level | 4 |

Defendant's Initials _new_    3

The defendant understands that this estimate is not binding on the court or the United States, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

8. Acceptance of Responsibility - Two Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

9. Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant

Defendant's Initials _____   4

to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

~~(of another person who has committed an offense.)~~

### B. Standard Terms and Conditions

#### 1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987) or § 3579, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a

Defendant's Initials _____

5

special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that the offenses to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the

Defendant's Initials _MLW_       6

defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

   4.   Sentencing Recommendations

   It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

   5.   Defendant's Waiver of Right to Appeal and
        Right to Collaterally Challenge the Sentence

Defendant's Initials _New_                    7

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

6. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. <u>Voluntariness</u>

Defendant's Initials _/s/_     8

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of

Defendant's Initials _[signature]_    9

certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

10. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _[initials]_       10

11. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 6th day of June, 2008.

_____  
NANCY L. WALTERS  
Defendant

ROBERT E. O'NEILL  
United States Attorney

By: _____  
RONALD D. DESANTIS  
Special Assistant United States Attorney

_____  
JAMES H. BURKE, JR.  
Attorney for Defendant

_____  
FRANK M. TALBOT  
Assistant United States Attorney  
Deputy Chief, Criminal Division

Defendant's Initials _____   11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO.3:08-cr- 245-J-25HTS

NANCY L. WALTERS

_____

### PERSONALIZATION OF ELEMENTS

1. Do you admit that, the money described in the information belonged to the United States, to wit: the Defense Commissary Agency (DeCA)?

2. Do you admit that, through the false pretenses of writing a check to DeCA in exchange for $350.00 in cash when you knew that you did not have sufficient funds to cover the transaction, on or about 2 September 2003, you stole such money for your own use or to the use of another?

3. Do you admit that you stole the money knowingly and willfully with the intent to deprive DeCA of the use or benefit of the money so taken?

Defendant's Initials    12

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO.3:08-cr- 245-J-25 HTS

NANCY L. WALTERS

---

## FACTUAL BASIS

On September 2, 2003, Nancy L. WALTERS worked full-time as a teller at the Naval Air Station Jacksonville commissary store, which is located in Jacksonville, within the Middle District of Florida. The commissary is a part of the Defense Commissary Agency (DeCA) and serves as a discount grocery store for active duty and retired military, as well as Department of Defense civilians. By September 2003, WALTERS had worked at the commissary for several years, and helped train other tellers. WALTERS' duties included working in the cash cage and helping to account for the daily sales, prepare the register tills, maintain the change fund, and prepare daily bank deposits, among others. The cash cage is an office inside the commissary that functions as the holding area for daily sales revenue and also contains enough cash to distribute change among the cash registers on a continuing basis throughout the day.

While WALTERS was employed as a teller, she wrote personal checks on her bank account at VyStar Credit Union to the commissary in exchange for cash taken directly from either the register tills or from the change fund located within the cash cage. This practice was prohibited by DeCA regulation but practiced by WALTERS and

Defendant's Initials _NLW_

certain co-workers who were also tellers in the commissary--and some of whom were trained by WALTERS.

Between on or about June 2003 and on or about early October 2003, WALTERS wrote approximately $46,755 in personal checks to the commissary, including 15 checks on September 2, 2003 alone. Every check was in excess of $150 and most were in excess of $300. On many occasions WALTERS would hold her personal checks in the cash cage rather than placing them in the daily deposit bags because she knew that her account would have insufficient funds on deposit with which to pay the checks upon presentation, thereby creating an interest free loan for herself at the expense of the Government. Typically, the checks were finally processed by VyStar between 7-10 days after the initial receipt of cash from the Commissary by employees such as WALTERS--even though VyStar is located next door to the commissary.

Although in the vast majority of instances, the checks were honored by VyStar because WALTERS was able to deposit money into her account before the checks were sent to VyStar after the initial, intentional delay, on September 2, 2003 WALTERS wrote Check #8581 for $350 for which she had insufficient funds--and for which she knew could not be honored even accounting for the standard delay in holding checks that had become common practice for many Commissary employees. On September 11, 2003, the check written by WALTERS to DeCA for $350 in cash was returned for "not sufficient funds." Through the false pretenses of writing a worthless check, WALTERS knowingly and willfully deprived the Defense Commissary Agency of $350.

Due to the actions of WALTERS and other co-workers, DeCA suffered a loss of roughly $31,000 over a period estimated to be several years. Because the amount of

Defendant's Initials *[signature]*         2

monetary loss attributable to WALTERS is difficult to precisely ascertain, the parties hereby stipulate and agree that the readily provable loss attributable to WALTERS is $5,000. Therefore, WALTERS should pay $5,000 to DeCA as restitution for her actions.

Defendant's Initials _/s/_    3